## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JESSE WORTHEN,
          Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
          Agency.

DOCKET NUMBER
SF-0432-14-0539-I-1

DATE: June 26, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Justin Prato</u>, Esquire, San Diego, California, for the appellant.

<u>Eric LaZare</u>, Esquire, San Diego, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The agency removed the appellant from the GS-11 position of Program Analyst based on unacceptable performance. Initial Appeal File (IAF), Tab 5, Subtabs 4a-4b. Specifically, the agency charged that the appellant's performance was unacceptable in the critical elements of Program Administration Management and Planning, and Communication. *Id*., Subtabs 4b, 4m. Regarding the critical element Program Administration Management and Planning, the agency charged that the appellant failed to: (1) input Methicillin-resistant Staphylococcus Aureus (MRSA) and Clostridium Difficile Infection (CDI) data into the Inpatient Evaluation Center by the submission deadline each month with no more than two errors per year; (2) analyze MRSA data for swab completion rates, prevalence rates and transmission rates by unit, and share information with unit leadership; (3) consistently complete assigned work within identified timeframes; and (4) assure that monthly Hand Hygiene/Transmission Based Precaution observations were entered monthly, and prepare graphs and monthly reports for the Infection and Environmental Control Committee use. *Id*., Subtab 4m. Regarding the Communication critical element, the agency charged that the appellant failed to timely and accurately complete written communication. *Id*.

¶3      The appellant appealed the agency's action, alleging that he did not "under perform," and that any performance issues were caused by the agency's failure to accommodate him or to provide assistance.  IAF, Tab 1.  He also asserted that the agency discriminated against him on the basis of his disabilities of:  (1) back and neck injuries suffered in a parachuting accident while he was in the Army that limited his ability to sit for long periods, walk long distances, and lift; and (2) a work-related repetitive stress injury for which he needed surgery to remove a nerve, leaving him with pain in his arm and loss of some fine motor skills.  *Id*.; IAF, Tab 9.  Additionally, the appellant alleged that the agency committed harmful procedural error in considering the *Douglas* factors.  IAF, Tab 12.  The appellant requested a hearing that the administrative judge held on July 30, 2014.  IAF, Tabs 1, 17.

¶4      The administrative judge noted that, when the agency charged the appellant with unacceptable performance, he was working under approved accommodations that indicated that the agency would:  (1) provide him with an ergonomic chair and a sit-and-stand desk; (2) restructure his daily activities to require data entry in no more than 30-minute intervals; (3) recommend a desk audit to determine if the job duties of the position description were accurate; and (4) provide assistance on a temporary basis to clean up his backlog of past assignments while he performed his daily duties.  IAF, Tab 19, Initial Decision (ID) at 4-5, Tab 12, Exhibit A.  It was with these accommodations in mind that the administrative judge determined that the agency proved that the appellant's performance was unacceptable as charged.

¶5      The administrative judge found that the agency established that the Office of Personnel Management (OPM) had approved the agency's performance appraisal system, ID at 11, and that the agency communicated to the appellant the critical elements and performance standards of his position, ID at 11-15, warned him of the inadequacies of his performance during the appraisal period, and gave him a reasonable opportunity to improve during a performance improvement plan

(PIP) period, ID at 15-22. She found that, during the PIP period, the appellant's performance remained unacceptable in the critical elements for which he was provided an opportunity to demonstrate acceptable performance. ID at 22-25.

¶6        The administrative judge also found that the appellant failed to prove his affirmative defenses. ID at 25-33. She found that, although the factors enumerated in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981), are not applicable in a removal for unacceptable performance taken under chapter 43, the appellant failed to show that he was harmed by the deciding official's consideration of the *Douglas* factors in deciding to remove him. ID at 27-28. Thus, she found that the appellant failed to prove harmful procedural error. She also found that the appellant presented no evidence to show that agency officials were motivated by discriminatory animus in their efforts to identify hindrances to the appellant's successful performance, provide accommodations designed to assist him in improving his performance, and evaluate his performance during the PIP period. ID at 32-33. Thus, she found that the appellant failed to prove his disability discrimination claim.

¶7        The appellant has petitioned for review, alleging that the administrative judge erred in finding that the agency provided him a meaningful improvement period despite issues with his computer and work programs. He also contends that the agency did not give him the assistance he was promised. The appellant further alleges that the administrative judge erred in finding that that the agency accommodated his disability when it failed to provide him with agreed-upon accommodations. Petition for Review (PFR) File, Tab 1.

¶8        In a performance-based action under chapter 43, an agency must establish by substantial evidence that: (1) OPM approved its performance appraisal system; (2) the agency communicated to the appellant the performance standards and critical elements of his position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(b)(1); (4) the agency warned the appellant of the inadequacies of his performance during the appraisal period and gave him a

reasonable opportunity to improve; and (5) the appellant's performance remained unacceptable in at least one critical element. *Henderson v. National Aeronautics & Space Administration*, 116 M.S.P.R. 96, ¶ 9 (2011); *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 5 (2010). Substantial evidence is the "degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree." 5 C.F.R. § 1201.56(c)(1).

¶9     As noted, the administrative judge found, and the appellant does not dispute on review, that the agency met the first three elements of its burdens of proof. The appellant's contention is that, although the agency warned him of the inadequacies of his performance in the critical elements of Program Administration Management and Planning, and Communications, he was not given a meaningful opportunity to improve.

¶10    The appellant's assertions on review that issues with the MRSA software prevented him from being able to complete his duties in a timely manner are the same as those he advanced below. The administrative judge addressed the appellant's assertions. She noted that the appellant claimed that the MRSA software was flawed and required adjustments to enter the data accurately. ID at 17-19. He claimed that the "work around" that his supervisor told him to use would not address the programming problem. ID at 18. As a result, he did not complete the data entry or complete a report concerning MRSA for any month of the 60-day PIP period. ID at 18. The administrative judge found that the agency did not dispute that the nationally distributed program that the appellant had to use during the PIP period did not interface seamlessly with the operations at his locality. ID at 18. However, she found that the appellant's supervisor testified credibly that the "work around" she suggested to the appellant would have met his needs. ID at 18. The administrative judge also found that, on the other hand, the appellant's testimony that the "work around" would not work was

unsupported, as he admitted that he refused to try the "work around." ID at 18-19.

¶11    In his petition for review, the appellant argues that the Board should credit his testimony that the "work around" would not be effective over that of his supervisor in light of his familiarity with computers. PFR File, Tab 1 at 2-3. We find the appellant's assertion unavailing. As the administrative judge correctly noted, the appellant failed to support his assertion that the "work around" would be ineffective for him to perform his duties and he refused to even try to use it. Under these circumstances, the appellant's assertion based on his alleged expertise with computer programs amounts to mere disagreement with his supervisor's credible testimony that the "work around" would have been effective and provides no basis to overturn the administrative judge's finding in this regard. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so).

¶12    Next, we find the appellant's assertion on review, that the agency did not give him the assistance he was promised to clear up the backlog, is not persuasive. As the administrative judge noted, during the PIP period and consistent with the accommodation request, the agency did provide the appellant temporary assistants to help him clear up his backlog. ID at 20-21 n.8. Further, the administrative judge found that, although the appellant claimed during the litigation of his appeal that the assistants were incompetent, he made no complaints about these employees during the PIP period. ID at 20. Under these circumstances, we agree with the administrative judge that any alleged deficiencies in the assistance that the agency provided the appellant did not leave him without a meaningful opportunity to improve his performance. ID at 22.

¶13     The appellant also contends that he was not provided the desk audit that was identified in his reasonable accommodation memorandum. PFR File, Tab 1. The memorandum approving the appellant's accommodation request included a notation that he and his supervisor had described additional duties that had been given to the appellant over time. IAF, Tab 12, Exhibit A. The accommodation agreement provided that a request would be made for a desk audit to determine if the job duties of the appellant's position description were accurate and current. *Id*. As the administrative judge noted, the appellant's supervisor testified that she inquired about providing a desk audit to the appellant as was mentioned in the Approval of Accommodation Request, but she was advised that a desk audit was unnecessary and that instead it was appropriate to update the appellant's position description to include that he was to prepare reports of CDI data each month. ID at 7. However, during the PIP period, the appellant's supervisor temporarily removed the appellant's CDI reporting responsibilities, and, therefore, those responsibilities were not considered in the assessment of his performance during the PIP period. ID at 9. Under these circumstances, the appellant's assertion that he was harmed in his ability to perform successfully during the PIP period because the agency did not provide a recommended desk audit is unavailing.

¶14     The appellant further contends that he proved his affirmative defense of disability discrimination because the agency failed to provide him the assistance to clear up the backlog and failed to provide him a desk audit. An agency is required to make a reasonable accommodation to the known physical and mental limitations of an otherwise qualified individual with a disability unless the agency can show that accommodation would cause an undue hardship on its business operations. 29 C.F.R. § 1630.9(a). Reasonable accommodation includes modifications to the manner in which a position is customarily performed to enable a qualified individual with a disability to perform the essential job functions. *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 13 (2014). To

establish disability discrimination,[2] an employee must show that: (1) he is an individual with a disability, as defined by 29 C.F.R. § 1630.2(g); (2) he is a qualified individual with a disability pursuant to 29 C.F.R. § 1630.2(m); and (3) the agency failed to provide a reasonable accommodation. *Id.*

¶15     We agree with the administrative judge's determination that the appellant is an individual with a disability as defined by 29 C.F.R. § 1630.2(g), i.e., an individual with a physical or mental impairment that substantially limits one or more of his major life activities. Assuming without deciding that the appellant also established that he is a qualified individual with a disability under 29 C.F.R. § 1630.2(m), i.e., that he can perform the essential functions of his position with or without reasonable accommodation, we conclude, for the reasons discussed above, that the appellant failed to establish that the agency violated its duty of reasonable accommodation when it allegedly failed to provide him assistance with the backlog and failed to provide the desk audit. As noted, the agency did provide the appellant with assistance in clearing up his work backlog pursuant to the reasonable accommodation memorandum. Additionally, as noted, the agency did not require that, during the PIP period, the appellant perform the additional duty of CDI reporting that a desk audit might have shown required further accommodation. Under the circumstances here, we find that the agency provided the accommodation of assistance with the backlog, and did not require that the appellant perform the duties during the PIP period that appear to have precipitated the requested accommodation of the desk audit. Accordingly, we

---

[2] As a federal employee, the appellant's claim of disability discrimination arises under the Rehabilitation Act. However, the standards under the Americans with Disabilities Act (ADA) have been incorporated by reference into the Rehabilitation Act. 29 U.S.C. § 791(g). Further, the ADA Amendments Act of 2008 (ADAAA), Pub. L. No. 110-325, 122 Stat. 3553 (2008) (codified at 42 U.S.C. §§ 12101 et seq.), applies to this appeal because the incidents in question occurred after the January 1, 2009 effective date of the ADAAA. Although the ADAAA changed the interpretation of the law concerning the existence of a disability, it did not affect the legal requirements as to reasonable accommodation. *See Davis v. U.S. Postal Service*, 119 M.S.P.R. 22, ¶ 11 n. 4 (2012).

find that the administrative judge properly found that the appellant failed to prove his affirmative defense of disability discrimination based on a failure to accommodate.[3]

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

---

[3] The appellant has not challenged, and we discern no basis to disturb, the administrative judge's finding that the appellant failed to prove his disability discrimination claim based on disparate treatment.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.